UNITED STATES DISTRICT COURT
CONNECITCUT

NANCY A. RUSSO

    Plaintiff,

V.                                    CIVIL ACTION NO

SHIMKUS, MURPHY AND ROSENBERGER, P.C.

Defendant.                           December 17, 2014

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 D.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

### III. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of North Branford, CT.

4. At all times material hereto, Defendant was doing business in Connecticut.

6. At all times material hereto, Defendant, was acting like a debt collection law firm with a principal place of business at 382 New Britain, Avenue, Hartford, CT 06106.

7. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Connecticut.

## IV. FACTUAL ALLEGATIONS

8. Defendant is the collection agent for "Ally Bank" and regularly collected or attempted to collect monies from consumers for delinquent or alleged delinquent personal debt. .

9. On or about November 20, 2014, Defendant communicated with the Plaintiff for the purpose of collecting monies for an alleged delinquent retail installment sales contract secured by a 2011 Jeep Wrangler.

## V. DEFENDANTS' PRACTICES

10. It is or was the policy and practice of Defendant to communicate with Connecticut consumers in a manner which was reasonably calculated to confuse or frustrate, or mislead CT consumers in violation of the FDCPA §1692e.

11. Defendant communicated with the Plaintiff and attempted to collect this alleged debt.

12. Plaintiff was advised by attorney Patrick Rosenberger, "If Ally Bank repossesses your vehicle after that date, you will have no right to redeem the vehicle for the unpaid delinquency. After repossession you will only be entitled to the return of your vehicle for the unpaid Delinquency. **After repossession you will only be entitled to the return of your vehicle if payment of the outstanding principal balance, which is currently $25,105.68, plus costs and expenses of repression, is made to Ally Bank"** (See Exhibit "1")

13. RETAIL INSTALLMENT SALES FINANCING ACT - C.G.S.A. §36a-785 §36a-785

(c) **Redemption.** If the holder of such contract does not give the notice of intention to retake, described in subsection (b), he shall retain such goods for fifteen days after the retaking within the state in which they were located when retaken. **During such period the retail buyer, upon payment or tender of the unaccelerated amount due under such contract at the time of retaking and interest, or upon performance or tender of performance of such other condition as may be named in such contract as precedent to the retail buyer's continued possession of such goods, or upon performance or tender of performance of any other promise for the breach of which such goods were retaken,**

**and upon payment of the actual and reasonable expenses of any retaking and storing, may redeem such goods and become entitled to take possession of the same and to continue in the performance of such contract as if no default had occurred.** The holder of such contract shall within three days of the retaking furnish or mail, by registered or certified mail, to the last known address of the buyer a written statement of the unaccelerated sum due under such contract and the actual and reasonable expense of any retaking and storing. For failure to furnish or mail such statement as required by this section, the holder of the contract shall forfeit the right to claim payment for the actual and reasonable expenses of retaking and storage, and also shall be liable for the actual damages suffered because of such failure. If such goods are perishable so that retention for fifteen days as herein prescribed would result in their destruction or substantial injury, the provisions of this subsection shall not apply and the holder of the contract may resell the goods immediately upon such retaking.

14. Defendant's statement is clearly false, deceptive and misleading, pursuant to the Connecticut Retail Installment Sales Financing Act, after repossession the Plaintiff could have instead paid only the past due amounts, not the alleged "accelerated outstanding balance of $26,105.68" but simply the past due amount.

## VI. ALLEGATIONS OF LAW

### A. General

15. At all times material hereto, plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

16. At all times material hereto, "Ally Bank", represented by Defendant was a "creditor" as said term is defined under 15 U.S.C. §1692a (4).

17. At all times material hereto, the amount purportedly owed to "Ally Bank" represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a (5).

A. Unlawful Claim

18. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

a. The use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e.

19. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

20. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, Plaintiff, an individual, requests judgment be entered in her favor against Defendant for:**

1. Actual and statutory damages pursuant to 15 U.S.C. §1692k;
2. An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and
3. Such other and further relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esq.
The Kennedy Law Firm
1204 Main Street, # 176
Branford, CT 06405
bernardtkennedy@yahoo.com